NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SULEYMA MARISOL CARPIO; ALFONSO ERNESTO LUNA-CASTRO; B. A. L.-L.; A. A. L.-C., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3981 <br><br> Agency Nos. <br> A220-149-650 <br> A220-149-649 <br> A220-149-651 <br> A220-149-652 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.
Partial Concurrence by Judge H.A. THOMAS.

Petitioners Alfonso Ernesto Luna-Castro, Suleyma Marisol Carpio, and two

minor children are natives and citizens of El Salvador. They petition for review of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a decision of the Board of Immigration Appeals ("BIA") summarily affirming an order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (quotation omitted) (per curiam). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's denial of asylum and withholding of removal because Petitioners cannot show that any harm they fear bears a nexus to a protected ground. Luna-Castro was threatened because he intervened in a dispute between his sister and her ex-partner, a gang member. But Petitioners present no evidence that the threats they received were motivated by anything other than this personal dispute. *See Pagayon*, 675 F.3d at 1191 ("A personal dispute is not, standing alone, tantamount to persecution based on [a

protected ground].”); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (“[A noncitizen’s] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.”). This lack of nexus is fatal to Petitioners’ asylum and withholding of removal claims. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

2. Substantial evidence supports the agency’s denial of CAT protection. First, “mere threats, without more” do not compel a finding of persecution and thus “necessarily fall[] short of the definition of torture.” *Sharma v. Garland*, 9 F.4th 1052, 1062, 1067 (9th Cir. 2021). Beyond the threats he received from his sister’s abuser, Luna-Castro fears general violence in El Salvador. He testified that he believed the Salvadoran police would not protect him and his family because “a lot of people have disappear[ed]” and there have “been some deaths.” But “a speculative fear of torture is insufficient to satisfy the ‘more likely than not’ standard.” *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (finding “generalized evidence of violence and crime in Mexico is not particular to [a petitioner] and is insufficient” to support a CAT claim). And “a general ineffectiveness on the government’s part to investigate and prevent crime will not suffice to show acquiescence.” *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.

*Carpio v. Bondi*, No. 23-3981

H.A. THOMAS, Circuit Judge, concurring in part and concurring in the judgment:

I concur in section 1 of the memorandum disposition, which upholds the agency's denial of asylum and withholding of removal. I concur only in the judgment as to section 2, which upholds the agency's denial of CAT protection.